IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PATTIE A. COXEY,

    Plaintiff,                          No. CIV S-07-0977 JAM GGH

    vs.

MICHAEL J. ASTRUE,               FINDINGS AND RECOMMENDATIONS
Commissioner of
Social Security,

    Defendant.
                                   /

        Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"). For the reasons that follow, the court recommends that plaintiff's Motion for Remand or Summary Judgment be GRANTED IN PART, the Commissioner's Cross Motion for Summary Judgment be DENIED, and judgment be entered for the plaintiff. This matter should be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) for further findings in accordance with these findings and recommendations.

BACKGROUND

        Plaintiff, born July 1, 1955, applied for DIB on January 15, 2003. (Tr. at 68, 72.) Plaintiff alleged she was unable to work since January 31, 2000, due to severe back pain. (Tr. at

59.) In a decision dated June 3, 2006, ALJ William Horton determined that plaintiff was not disabled. The ALJ made the following findings:[1]

>   1. The claimant meets the insured status requirements of the Social Security Act through September 3, 2005.
>
>   2. The claimant has not engaged in substantial gainful activity at any time relevant to this decision (20 CFR 404.1520(b) and 404.1571 *et seq*.).
>
>   3. The claimant has the following severe impairments: chronic back pain; fibromyalgia (20 CFR 404.1520(c)).
>
>   4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526).
>
>   5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. § 401 et seq. Supplemental Security Income is paid to disabled persons with low income. 42 U.S.C. § 1382 et seq. Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A parallel five-step sequential evaluation governs eligibility for benefits under both programs. See 20 C.F.R. §§ 404.1520, 404.1571-76, 416.920 & 416.971-76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987). The following summarizes the sequential evaluation:
>   Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>   Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>   Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>   Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>   Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).
   The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.

|   |     |                                                                                                                                                                                                                   |
|---|-----|-------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|   |     | functional capacity to do the following: light exertional work with some restrictions.                                                                                                                            |
|   | 6.  | The claimant is able to perform past relevant work (20 CFR 404.1565).                                                                                                                                             |
|   | 7.  | The claimant was born on July 1, 1955 and was 44-years old on the alleged disability onset date, which is defined as a younger individual 45-49 (20 CFR 404.1563). She is now age 50.                             |
|   | 8.  | The claimant has a high school education and two years of college (20 CFR 404.1564).                                                                                                                              |
|   | 9.  | Transferability of job skills is not material to the determination of disability as it is found that she can return to past relevant work.                                                                        |
|   | 10. | Considering the claimant's age, education, work experience, and residual functional capacity, there are other jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c) and 404.1566). |
|   | 11. | The claimant has not been under a "disability," as defined in the Social Security Act, from January 21, 2000 through the date of this decision (20 CFR 404.1520(g)).                                              |

(Tr. at 21-26.)

ISSUES PRESENTED

Plaintiff has raised the following issues: A. Whether the ALJ Improperly Rejected the Treating Physician's Opinion Without Providing Reasons Supported by Substantial Evidence; B. Whether the ALJ Improperly Rejected the Lay Witness Testimony of Plaintiff's Husband Without Giving Germane Reasons; C. Whether the ALJ Improperly Rejected Plaintiff's Pain and Symptom Testimony; and D. Whether the ALJ Erred in Basing His Decision on an Incomplete Hypothetical, and in Disregarding the Vocational Expert's Answer Concerning Plaintiff's Condition as Evidenced by the Record.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in

the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir.1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971), quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002).

ANALYSIS

A.  Whether the ALJ Failed to Credit Plaintiff's Testimony as to the Nature and Extent of Her Pain and Functional Limitations

Plaintiff contends that the ALJ failed to properly evaluate her complaints of pain and physical limitations which were clearly documented by the medical evidence.

The ALJ determines whether a disability applicant is credible, and the court defers to the ALJ who used the proper process and provided proper reasons. See, e.g., Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1995). If credibility is critical, the ALJ must make an explicit credibility finding. Albalos v. Sullivan, 907 F.2d 871, 873-74 (9th Cir. 1990); Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990) (requiring explicit credibility finding to be supported by "a specific, cogent reason for the disbelief").

In evaluating whether subjective complaints are credible, the ALJ should first consider objective medical evidence and then consider other factors. Bunnell v. Sullivan, 947 F.2d 341, 344 (9th Cir.1991) (en banc). The ALJ may not find subjective complaints incredible solely because objective medical evidence does not quantify them. Id. at 345-46. If the record contains objective medical evidence of an impairment possibly expected to cause pain, the ALJ

then considers the nature of the alleged symptoms, including aggravating factors, medication, treatment, and functional restrictions. See id. at 345-47. The ALJ also may consider the applicant's: (1) reputation for truthfulness or prior inconsistent statements; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) daily activities.[2] Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see generally SSR 96-7P, 61 FR 34483-01; SSR 95-5P, 60 FR 55406-01; SSR 88-13. Work records, physician and third party testimony about nature, severity, and effect of symptoms, and inconsistencies between testimony and conduct, may also be relevant. Light v. Social Security Administration, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may rely, in part, on his or her own observations, see Quang Van Han v. Bowen, 882 F.2d 1453, 1458 (9th Cir. 1989), which cannot substitute for medical diagnosis. Marcia v. Sullivan, 900 F.2d 172, 177, n.6 (9th Cir. 1990). Absent affirmative evidence demonstrating malingering, the reasons for rejecting applicant testimony must be clear and convincing. Morgan v. Commissioner of Social Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999).

>   Here, the ALJ's credibility analysis was limited to the following statement:
>
>   At the hearing Ms. Coxey stated she can only lift 10 pounds occasionally, 3 to 5 pounds frequently, she can sit or stand for only 15 or 20 minutes and needs to be able to frequently change her position. The claimant noted after 20 minutes of activity she needs to lie down for 30 to 45 minutes before she can continue. These allegations are not credible and are not supported by the medical evidence.

(Tr. at 23.) The ALJ drew this conclusion without providing specific reasons or considering the

\\\\\

\\\\\

---

[2] Daily activities which consume a substantial part of an applicants day are relevant. "This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." Vertigan v. Halter, 260 F.3d 1044, 1049 (9th Cir. 2001) (quotation and citation omitted).

factors outlined above.[3] The remainder of his opinion summarizes the medical records, and then proceeds to discuss other steps of the sequential analysis. The court has attempted to find any reasons whatsoever in support of this conclusion, but the record is so bereft that such an error is not harmless. Harmless error in a credibility analysis can only occur where "the ALJ's decision remains legally valid, despite such error." Carmickle v. Commissioner, 533 F.3d 1155, 1162 (9th Cir. 2008). In other words, after the error is removed there must remain specific reasons supporting the credibility finding such that they constitute substantial evidence. The error may not negate the validity of the ALJ's conclusion on credibility. Id., *citing* Batson v. Comm'r of Soc. Sec. Admin., 359 F.3d 1190, 1195-97 (9th Cir. 2004). The question is whether the ALJ's decision remains legally valid, despite the error. Id. In Carmickle, two of the ALJ's reasons support his credibility finding were declared invalid; however, there remained other reasons supporting the finding, and therefore the error was harmless. Id. at 1162-63. Likewise, in Batson, although the ALJ erred in one of his reasons discrediting the plaintiff's credibility, he had given various other reasons to support his conclusion, which led the court to find substantial evidence despite the error and conclude the error was harmless. Batson, 359 F.3d at 1197. Stout v. Commissioner, 454 F.3d 1050, 1055 (9th Cir. 2006) does not dictate a contrary rule, but acknowledges that the harmless error standard may apply where "the ALJ provide[s] numerous other record-supported reasons for discrediting the claimant's testimony," which permits the reviewing court to determine that any error by the ALJ did not materially impact his or her decision.

\\\\\

---

[3] The conclusion itself flies in the face of long standing Ninth Circuit authority, i.e., once a severe impairment has been shown which may cause some pain or other symptoms, the ALJ may not reject the claimant's pain symptoms simply because the medical evidence does not itself support the level of pain alleged. Bunnell, supra.. While the medical evidence is a *factor* in the analysis, it may not be the sole factor. The ALJ may disagree with the Ninth Circuit's holding, but he must nevertheless apply it. Ignoring binding, well established law does not aid the adjudicative process. The ALJ was not substantially justified in his conclusion in light , and the Commissioner herein is not substantially justified in also ignoring the patent analytical error.

There are only a few statements in the instant opinion which obliquely refer to credibility but they are merely portions of summaries of medical source opinions. For example, the ALJ summarizes an evaluation of plaintiff by a physical therapist and an occupational therapist. After summarizing their conclusions, the ALJ noted, "[p]ain behaviors were commented on, as well as apparent functional differences when being observed versus when distracted." (Tr. at 24.) In a separate discussion providing reasons why his finding of light work is supported by the majority of the record, the ALJ ends with the comment, "[a]s noted in the recent evaluation, claimant 'perceives herself as more limited than she is.'" (Id.) Finally, the ALJ briefly discussed the testimony of plaintiff and her husband regarding her stated need to lie down frequently. The ALJ then made the conclusory statement, "[t]hat claimant may in fact lie down with such frequency is not a matter that can be independently corroborated by those without possible gain in this case. From the standpoint of frequent rest being required on the basis of medical need or causes, this is simply not borne out." (Id. at 25.)

The ALJ made the aforementioned statements only in the context of summarizing the record and failed to consider them in the context of plaintiff's credibility. The ALJ also failed to consider other factors besides the medical evidence. Under Bunnell v. Sullivan, 947 F.2d at 345-56, such a limited discussion is insufficient. The ALJ did not discuss the nature of the alleged symptoms, including aggravating factors, medication, treatment, and functional restrictions. Id. He also failed to consider the other factors outlined in Smolen and various Social Security Rulings *supra*, such as any prior inconsistent statements, failure to seek treatment or to follow a prescribed course of treatment, and daily activities. For example, although he included Dr. Goodwin's evaluation in his findings, and this neurosurgeon's notation that no Waddell's signs were present, the ALJ failed to address this factor supportive of credibility. (Tr. at 24.) Unlike in Carmickle and Batson, in this case the ALJ gave no reasons whatsoever, but only a conclusion. Therefore the error cannot be harmless.

\\\\\

Defendant attempts to cover for the ALJ by referencing the record which would support the ALJ's conclusion; however, the Commissioner's attorney cannot supply the entire analysis as if they were the ALJ. This court cannot conduct a de novo review of the record on an issue such as this one.

Finally, credibility is critical in this case where the alleged impairments are only one diagnosis of fibromyalgia, and back pain or sprain with no more specific diagnosis and little objective evidence in the imaging studies. "The symptoms of fibromyalgia are entirely subjective, and there are no laboratory tests to identify its presence or severity." Ward v. Apfel, 65 F. Supp. 2d 1208, 1213 (D. Kan.1999) (citing Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir.1996)). All these symptoms are easy to fake, although few applicants for disability benefits may yet be aware of the specific locations that if palpated will cause the patient who really has fibromyalgia to flinch .... Some people may have such a severe case of fibromyalgia as to be totally disabled from working, but most do not and the question is whether [the plaintiff] is one of the minority." Sarchet v. Chater, 78 F.3d 305, 306-07 (7th Cir.1996) (citation omitted). A claimant's accounts of pain, especially where the subjective symptoms are relevant to the medical diagnosis, must be carefully considered. Cf. Reddick v. Chater, 157 F.3d 715, 725-26 (9th Cir.1998) (discussing subjective complaints in context of diagnosis for chronic fatigue syndrome). Back pain, without objective evidence of some more specifically apparent injury or defect, such as a herniated disc for example, will depend mostly on subjective symptoms, and credibility becomes an important factor. Because these ailments are notoriously difficult to prove, the ALJ must make an explicit credibility finding. Albalos, 907 F.2d at 873-74; Rashad, 903 F.2d at 1231. Therefore, the court finds that the ALJ failed to properly analyze the evidence in relation to the appropriate factors required by the Bunnell line of cases.

B. Lay Witness Testimony

Plaintiff takes issue with the ALJ's rejection of the testimony of plaintiff's husband, Richard Coxey. An ALJ is required to "consider observations by non-medical sources

as to how an impairment affects a claimant's ability to work." Sprague v. Bowen, 812 F.2d 1226, 1232 (9th Cir. 1987). "Lay testimony as to a claimant's symptoms is competent evidence that an ALJ must take into account, unless he or she expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." Lewis v. Apfel, 236 F.3d 503, 511 (9th Cir. 2001) (citing Nguyen v. Chater, 100 F.3d 1462, 1467 (9th Cir. 1996)). Similar to the ALJ's role in evaluating the testimony of a claimant, when evaluating the testimony of a lay witness "[t]he ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." Sousa v. Callahan, 143 F.3d 1240, 1243 (9th Cir. 1998) (quoting Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The Ninth Circuit has recently held that the ALJ must properly discuss lay witness testimony, and that any failure to do so is not harmless unless no reasonable ALJ, when fully crediting the testimony, could have come to a different disability determination. Stout v. Commissioner, 454 F.3d 1050, 1053 (9th Cir. July 25, 2006).

In this case, the ALJ not only failed to assess plaintiff's credibility, but added to the error by improperly rejecting the testimony of her husband:

> See SSR 88-13 (where "allegation [of subjective symptom] is not supported by objective medical evidence in the file, the adjudicator shall obtain detailed descriptions of daily activities by directing specific inquiries about the [symptom] and its effects to ... third parties who would be likely to have such knowledge.").

Smolen v. Chater, 80 F.3d 1273, 1289 (9th Cir. 1996).

The ALJ made only a brief reference to the husband's testimony, as described in the previous section. He testified about plaintiff's need to lie down frequently. The ALJ dismissed it as something that could not be corroborated and that this need for rest was "not borne out." (Tr. at 25.)

Mr. Coxey testified that plaintiff's condition worsened since her back injury in 2000. (Tr. at 504.) He also stated that plaintiff does most of the housekeeping in their condominium, and he does most of the cooking. Plaintiff cooks once in a while. (Id. at 505.)

He stated that plaintiff has to be careful with lifting and "anytime that she does do anything, she pays for it." He tries to do most of the lifting when he is there. Plaintiff does not sit much, but lies in her bed. (Id. at 506.) She must lie down after a few hours of house work, and mostly lies down "virtually all day." (Id. at 506-07.) The ALJ did not mention most of this testimony, but only the need to frequently lie down.

Stout is extremely claimant friendly, and one could argue – when is a husband not going to support his wife's benefits claims, as the husband is financially interested in the outcome of the case. Moreover, generally, there are no records or other evidence supporting or repudiating a lay person's disability observations, and making any finding regarding a witness' credibility in the context of an hour long Social Security administrative hearing is an exercise in sheer speculation.

Nevertheless, the standards applicable for judging credibility of a claimant are different than those applicable to lay witness testimony. In assessing such testimony, the ALJ is required only to supply a germane reason in disregarding such testimony. Here, the ALJ's stated explanation for rejecting Mr. Coxey's testimony, that there was a lack of objective evidence to support it, was a germane reason. See Lewis v. Apfel, 236 F.3d 503 (9th Cir. 2001) (finding rejection of lay witness testimony as conflicting with medical evidence to be germane reason). Because the ALJ was not silent in regard to this witness testimony, the Stout standard is not required to be applied. It is the ALJ's province to assess the testimony of witnesses who appear at hearing. Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). If this witness' testimony was merely repetitive of plaintiff's own testimony, and if the ALJ had properly conducted a credibility analysis, the court would find no error here as the ALJ would not be made to repeat his analysis. However, plaintiff's credibility was not properly assessed by the ALJ. After remand for further development of the record, the ALJ may determine to reassess this witness testimony.

\\\\\

C.  Whether the ALJ Improperly Rejected the Treating Physician's Opinion Without Providing Reasons Supported by Substantial Evidence

Plaintiff claims that the ALJ erred in rejecting the treating opinion of Dr. Richman as supported by Drs. Goodwin and O'Sullivan.

The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  Holohan v. Massanari, 246 F.3d 1195, 1201 (9th Cir. 2001); Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1995).[4]  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual.  Id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996).

To evaluate whether an ALJ properly rejected a medical opinion, in addition to considering its source, the court considers whether (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  An ALJ may reject an *uncontradicted* opinion of a treating or examining medical professional only for *"clear and convincing"* reasons.  Lester, 81 F.3d at 831.  In contrast, a *contradicted* opinion of a treating or examining professional may be rejected for *"specific and legitimate"* reasons.  Lester, 81 F.3d at 830.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by a supported examining professional's opinion (supported by different independent clinical findings), the ALJ may resolve the conflict.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir. 1989)).  The regulations require the ALJ to weigh the contradicted treating physician opinion, Edlund v. Massanari, 253 F.3d 1152 (9th Cir.

---

[4] The regulations differentiate between opinions from "acceptable medical sources" and "other sources."  See 20 C.F.R. §§ 404.1513 (a),(e); 416.913 (a), (e).  For example, licensed psychologists are considered "acceptable medical sources," and social workers are considered "other sources."  Id.  Medical opinions from "acceptable medical sources," have the same status when assessing weight.  See 20 C.F.R. §§ 404.1527 (a)(2), (d); 416.927 (a)(2), (d).  No specific regulations exist for weighing opinions from "other sources."  Opinions from "other sources" accordingly are given less weight than opinions from "acceptable medical sources."

11

2001),[5] except that the ALJ in any event need not give it any weight if it is conclusory and supported by minimal clinical findings. Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (treating physician's conclusory, minimally supported opinion rejected); see also Magallanes, 881 F.2d at 751. The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional. Lester, 81 F.3d at 831.

The ALJ did not specifically discredit Dr. Richman, plaintiff's treating doctor, but noted only that her capacity rating form was more restrictive than those previously summarized, and was based on answers provided to this physician as they went over the form together. (Id. at 24.) The ALJ also noted Dr. Richman's notation on the form, "Consider work evaluation by Physical Therapy for detailed evaluation of work restrictions." (Id., tr. at 404.) The previously summarized restrictions referred to by the ALJ were noted in the capacity evaluation by physical and occupational therapists wherein Dr. Richman stated in her referral of January 25, 2006, "no restrictions, the client is to be tested to tolerance." (Tr. at 467.) The only other reference to an implicit reject of Dr. Richman's opinion is the ALJ's statement that Dr. Richman's opinion is the only rating of record that contradicts plaintiff's ability to work an eight hour day, and this rating was arrived at with plaintiff's input. The ALJ then stated, "[c]laimant's assertions should not be relied upon. As noted in the recent evaluation, claimant 'perceives herself as more limited than she is.'" (Id. at 24.) Because the ALJ tied Dr. Richman's evaluation to plaintiff's credibility in this way, this court cannot fully adjudicate this issue until a proper credibility analysis has been completed by the ALJ.

Because the remainder of the sequential analysis may be affected by the credibility analysis on remand, plaintiff's last issue, regarding the hypothetical to the vocational expert and that expert's testimony, will not be addressed at the present time.

---

[5] The factors include: (1) length of the treatment relationship; (2) frequency of examination; (3) nature and extent of the treatment relationship; (4) supportability of diagnosis; (5) consistency; (6) specialization. 20 C.F.R. § 404.1527

CONCLUSION

In sum, the court finds the ALJ's assessment is not fully supported by substantial evidence in the record or based on the proper legal standards. Accordingly, for the reasons stated herein, the court recommends that plaintiff's Motion for Remand or Summary Judgment be GRANTED IN PART, the Commissioner's Cross Motion for Summary Judgment be DENIED, and judgment be entered for the plaintiff. This matter should be remanded to the Commissioner pursuant to sentence four of 42 U.S.C. §405(g) for further findings in accordance with these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 09/17/08

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U.S. MAGISTRATE JUDGE

GGH/076
Coxey977.fr.wpd